[No. 22509.   Department Two.   October 31, 1930.]

STEPHEN A. HUTTON *et al.*, *Appellants,* v. CHARLES A. GONSER, *as Executor, Respondent.*[1]

F. A. McMaster and R. H. Back, for appellants.

D. R. Glasgow and Turner, Nuzum & Nuzum, for respondent.

MITCHELL, C. J.—L. W. Hutton and his wife Mary A. Hutton accumulated considerable real and personal property, all of which was community property. On December 2, 1913, each of them executed a separate will. She made several bequests of comparatively minor importance, including one to each of the following named persons: Eliza Grombacher, a half-sister, Lyman B. Arkwright, a half-brother, Delanny Arkwright, a half-brother, and the children of William Arkwright, a half-brother. The sixth paragraph of her will is as follows:

"All the rest, residue and remainder of my estate, both real and personal, wherever situated, I give, devise and bequeath to my husband, L. W. Hutton, with

[1]Reported in 292 Pac. 743.

full power to use, retain, hold, manage, invest and keep the same invested, and receive and retain the rents, issues and profits thereof, for and during the term of his natural life, if he should so long remain my widower, and upon his remarriage or death, or in case he shall not survive me, I give, devise and bequeath to the said Eliza Grombacher, to the said Lyman B. Arkwright, to the said Delanny Arkwright and to the children of the said William Arkwright, each an undivided one-fourth part thereof, absolutely and in fee.''

She died in 1915 without issue. Her will was admitted to probate, and her husband, who was nominated and thereafter appointed as executor without bonds, went into possession and enjoyment of his life estate under her will.

In his will of December 2, 1913, he made several gifts of comparatively minor importance, including one to each of the following named persons: Asa Hutton, a brother, Stephen A. Hutton, a brother, Laura Abraham, a sister, and the children of Jacob Hutton, a deceased brother. The sixth paragraph of his will is as follows:

''All the rest, residue and remainder of my estate, both real and personal, wherever situated, I give, devise and bequeath to my wife, Mary A. Hutton, with full power to use, retain, hold, manage, invest and keep the same invested, and receive and retain the rents, issues and profits thereof, for and during the term of her natural life, if she should so long remain my widow, and upon her remarriage or death, or in case she shall not survive me, I give, devise and bequeath to the said Asa Hutton, to the said Laura Abraham, to the children of my said deceased brother, Jacob Hutton, and to the said S. A. Hutton, each an undivided one-fourth part thereof, absolutely and in fee.''

On August 26, 1927, he executed a new will in which he made no provision whatever for his brother Asa

Hutton, his sister Laura Abraham, or the children of his deceased brother Jacob Hutton, and containing a bequest to his brother S. A. Hutton considerably less than was given to him under the former will of December 2, 1913. He died in 1928 without issue, and thereafter his will of August 26, 1927, was admitted to probate.

Laura Abraham died in 1928, leaving no issue, and Asa Hutton died in 1924, leaving as his only issue and heirs-at-law W. H. Hutton and Mary Hutton Hildreth. Within due time after the death of the testator, this action, considered an appropriate one for the purpose, was commenced by the testator's brother, Stephen A. Hutton, and by Roy M. Hutton, Andrew Hutton, Mabel Hutton Christenson, Hazel Hutton Cox and Ruth Hutton Taylor, children of the testator's deceased brother Jacob Hutton, and by W. H. Hutton and Mary Hutton Hildreth, children of the testator's deceased brother Asa Hutton, for a judgment declaring that, notwithstanding the terms and provisions of the will of L. W. Hutton dated August 26, 1927, they were entitled to have the property of his estate set over to them according to the provisions of his former will of December 2, 1913, because the provisions of that will in their favor constituted a contract on his part that could not be set aside or violated by his later will. The judgment of the trial court was against the plaintiffs, who have appealed.

The testimony shows that for some time Mr. and Mrs. Hutton considered and discussed the matter of making wills, the result being the separate reciprocal wills of December 2, 1913, and that each intended and declared to relatives and friends about that time that the wills were intended as final. It is plain, we think, that the primary purpose of each in making the reciprocal wills was to give to the other a life estate in and to his or

her property. The evidence leaves no doubt that their intentions and promises were mutual in that respect, and it is unimportant to decide whether or not either one, during the life of the other, had the right, with or without notice, to change his will in that or any other respect.

The fact was that, upon her death, her will, upon its admission to probate, became operative, by the terms of which he did receive a life estate in all of her property. That was all that she had agreed to do so far as he was concerned. His mutual promise to her in that respect, as contained in his will, then became impossible of performance—she was dead and of course could not take.

The real question in the case, therefore, if it may be so termed, is, What was the character of the stipulations or provisions of each will for the remainder, after the termination of the life estate? Manifestly the provision in each will in that respect in favor of the collateral kin of the testator was wholly voluntary, and without any consideration to support it except love and affection between the testator and his own collateral kin. There is an entire absence of evidence that any remainderman under either will ever performed any service or gave any valuable consideration to either testator, or that either testator was even acquainted with any remainderman under the other's will, other than a slight acquaintance of Mrs. Hutton with one of the remaindermen under Mr. Hutton's will. The stipulation in his will of December 2, 1913, in favor of his collateral kin as remaindermen constituted neither consideration nor promise to her, nor was it for her benefit. They were not heirs of hers under the statutes of descent, nor natural objects of her bounty as those words are understood in the law of wills, and, as already noticed, with the exception of a slight

acquaintance with one of them, they were all total strangers to her.

Assuming, without deciding it to be true, as counsel for appellants contend, that, in the making of the wills of December 2, 1913, Mr. Hutton promised his wife that he would provide for his own separate kin as remaindermen, what of it? It was nothing to her, so far as this record shows. The remaindermen had done nothing in the way of valuable service or consideration on her behalf which made it justifiable on her part to undertake to exact a promise in their behalf, nor is there anything to show that that provision of his will was intended for any such purpose. It was a promise that did not bind him, he received nothing for it and was at liberty to wholly ignore it as he did in his later will.

On behalf of the respondent, other reasons why the judgment should be affirmed have been presented, but we find it unnecessary to discuss them.

Affirmed.

FULLERTON, MAIN, and HOLCOMB, JJ., concur.